## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No. 01-CR-52

CAPRICE BARKSDALE,

        Defendant.

_____

## ORDER

On October 16, 2001, this court sentenced Caprice Barksdale to 130 months' imprisonment for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). This sentence was imposed on the basis of Barksdale's total offense level – 31, and a criminal history score of VI which, taken together, called for a guideline sentence of 188-235 months. In this instance, the defendant's offense level was in part predicated upon his status as a career offender, triggered by U.S.S.G. § 4B1.1. At the same time, the court granted the government's § 5K1.1 motion resulting in the 130-month sentence that followed.

On November 1, 2007, the United States Sentencing Commission amended the advisory federal sentencing guidelines for criminal offense involving crack cocaine. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, these amended guidelines would apply retroactively to all offenders who were sentenced under the previous versions of the sentencing guidelines and who are presently incarcerated. The practical effect of these amendments is that pursuant to the provisions of 18 U.S.C. § 3582(c)(2), defendants previously convicted of offenses involving crack cocaine may be eligible for a reduction in their sentence.

On April 2, 2008, Barksdale filed a motion to reduce his sentence pursuant to § *3582*(c)(2). Having considered Barksdale's motion, together with an analysis from the United States Probation Office and input from the United States Attorney's Office, the court concludes that his motion must be denied. Under the amended guidelines, Barksdale's offense level and sentencing guideline range remain the same. As noted above, Barksdale's guideline range was calculated pursuant to § 4B1.1, which is not a section affected by the Sentencing Commission's amendments. The Sentence Commission prohibits a court to revisit a sentence that a retroactive amendment does not alter. *See* U.S.S.G. § 1B1.10(a)(2)(B). Stated another way, an amendment must lower the range under which the defendant was originally sentenced to be subject to a reduction in sentence under § 3582(c)(2). *See United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (affirming the denial of a defendant's § 3582 motion when the retroactive amendment did not affect the defendant's sentence). The court finds no factual or legal basis to reduce the sentence of 130 months' imprisonment imposed on October 16, 2001.

Accordingly,

**IT IS ORDERED** that Barksdale's motion to reduce (Docket #33) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge